[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2012
JOHN LEY
CLERK

No. 11-14356
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00005-RWS-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ANTONIL VILLANUEVA-ALMENDAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 9, 2012)

Before HULL, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Carlos Antonil Villanueva-Almendarez appeals his sentence of 12 months of imprisonment following the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Villanueva-Almendarez argues that his sentence is substantively unreasonable. We affirm.

The district court did not abuse its discretion. Villaneuva-Almendez, a native and citizen of Honduras, was deported from the United States in January 1997, September 1999, March 2000, and January 2006, and during that time he accumulated five convictions in the courts of Georgia and Florida for offenses, including criminal damage to property, burglary, and shoplifting. In October 2006, authorities arrested Villaneuva-Almendez in Georgia, and he later pleaded guilty to reentering the United States illegally and received a sentence of 33 months of imprisonment followed by three years of supervised release. In 2010, Villaneuva-Almendez again reentered the United States illegally, and after he was sentenced to a term of 51 months of imprisonment, the government moved to revoke his supervised release. In response to Villanueva-Almendez's request for leniency, the district court explained that it "shared the frustrations [of others] . . . that [Villanueva-Almendez] continues to return" to the United States despite warnings that another illegal reentry would be "a serious offense for which he could serve significant time." The district court considered the sentencing factors,

18 U.S.C. § 3553(a), and reasonably determined that a sentence of 12 months of imprisonment consecutive to Villaneuva-Almendarez's sentence of 51 months of imprisonment for his illegal reentry was "needed in order to enforce [the] Court's sentences and orders as well as to impress upon . . . and hopefully deter" him from future similar conduct.  Villaneuva-Almendarez's sentence to a term well below the advisory guideline range is reasonable.

We **AFFIRM** Villanueva-Almendarez's sentence.